United States District Court
District of South Carolina

| | |
|---|---|
| Richard A. Stump , #88417; ) | C/A No. 8:05-1553-DCN-BHH |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Vincent B. Rawlings; ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiff Richard Stump (hereafter, the "Plaintiff") is a pre-trial detainee proceeding *pro se*.[1] He seeks relief pursuant to Title 42 United States Code §1983. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## BACKGROUND

The Plaintiff refers to himself as "Petitioner" in this action. His Complaint contains the following narrative:

> Petitioner Richard Stump was residing at a federal halfway house located at 1218 Bull St., Columbia, South Carolina 29201 on or about [sic] January 2005 Petitioner Richard Stump was suffering from hypertension and needed medical care & treatment so Petitioner went to Richland County Health Department, 1305 Harden Street, Columbia, South Carolina 29205 for medical treatment. The first medical visit the Petitioner was examine [sic] and receive [sic] a medical prescription for his hypertension. Petitioner than went and got the medical prescription filled at a drug store in route to Wal-Mart. The 1st week of February 2005 the prescription needed

---

[1] – Plaintiff identifies himself in the caption and his pleadings as "Richard A. Stump" or "Richard A. Stump Sr." The signature, however, is strikingly similar to that of "Richard A. Stumpner " on documents filed in <u>United States v. Stumpner</u> , 4:05-0213 (D.S.C. 2005). That proceeding concerned Stumpner 's arrest and detention in this State pending transfer to the Southern District of Florida where he faces narcotics charges in <u>United States v. Davis, et al.</u>, 04:60152. An inference arises that Plaintiff and Stumpner are the same person. Nevertheless, Plaintiff's choice of spelling is adopted in this Report.

to be refill [sic] so Petitioner went back to Richland County Health Department for further treatment.  To the Petitioner surprise the Supervisor of the Medical Health Department informed Petitioner than [sic] he needed to have a medical form completed and notorize [sic] by his halfway house before they could treat him for his hypertension.  Petitioner return back to the halfway house and gaved [sic] the "medical form" to his case worker.  The very next day they assign a new case work [sic] to the Petitioner.  His name is Mr. Vincent B. Rawlings.  Petition [sic] asked Mr. Vincent Rawling [sic] if he would completely fill out the "form" and get it notorize [sic] so that he could receive the much needed medical treatment that was needed.  Mr. Rawlings inform the Petitioner he would check his folder.  The next day Petitioner request [sic] again from Mr. Rawlings the medical form.  Mr. Rawling [sic] replied I'll check your folder.  Petitioner told Mr. Rawlings that he needed his medication for his hypertension.  Mr. Rawlings told Petitioner "Don't worry about it now."  So Petitioner went to his room and laid down because he inform Mr. Rawlings he was feeling light headed.  A couple of hours later the United States Marshals was at the Petitioner [sic] door.  The Marshals asked Petitioner why he looks so pale. Petitioner explain [sic] that he need medication for hypertension. The U.S. Marshals than [sic] proceeded to take Petitioner into custody and delivered Petitioner to Alvin S. Glenn Detention Center, 2201 John Mark Dial Dr,. Columbia, South Carolina 29209.  The medical staff at the Detention Center gave Petitioner an EKG and upon the results called immediately for a ambulance [sic] to the detention center to take Mr. Richard Stump Petitioner to Palmetto Richland Hospital for treatment.  The hospital gave Petitioner some blood thinners and a prescription for medication for hypertension.  This occured [sic] a few days after Petitioner arrived at the detention center.

Petitioner Richard Stump suffered wanton, deliberate indifference and unnecessary pain and suffering from the unprofessional neglect of the hands of Case Worker Mr. Vincent A. Rawling [sic].  This intentional neglect of his duties place the Petition in a near death experience due to his incompetency and willful intentional malicious wanton neglect.

## *PRO SE* **COMPLAINT**

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Hughes v. Rowe*, 449 U.S. 5 (1980);  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972);  *Loe v. Armstead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978).   *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Hughes v. Rowe, supra*.  Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the

pleadings to state a valid claim on which a plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct a plaintiff's legal arguments. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## FAILURE TO STATE A CLAIM

With respect to medical and health needs, such as here alleged, Plaintiff must show deliberate indifference to a serious need. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1977). Cases under this heading cover diverse circumstances, ranging from suicide prevention to medical emergencies to provision of wheelchairs or crutches. Consistently, however, the test has been one of deliberate indifference. *Grayson v. Peed*, 195 F. 3d 692 (4th Circ. 1999); *Shakka v. Smith*, 71 F. 3d 162 (4th Circ. 1995); *Davis v. Hall*, 992 F. 2d 151 (8th Circ. 1993); *Hill v. Nicodemus*, 979 F. 2d 987 (4th Circ. 1992); *Gray v. Spillman*, 925 F. 2d 90 (4th Circ.1991) *Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990).

Plaintiff's narrative fails to disclose deliberate indifference or denial of medical care. He simply claims that the Defendant failed to complete a form. Plaintiff states that the Defendant was first assigned to his case the day after he was advised to have a case worker complete the required medical form. The next day, Plaintiff indicates that the form had not yet been signed and notarized. A few hours later, Plaintiff was arrested by United States Marshals and taken into custody. According to Plaintiff, his medical condition was diagnosed "a few days after Petitioner arrived at the detention center." At most, the

3

Defendant neglected to complete a medical form for a period of twenty four hours.  There is no meaningful allegation of deliberate indifference.

Plaintiff cannot maintain his action in this Court under 42 U.S.C. § 1983. Negligence, in general, is not actionable under § 1983. *See Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986); *Ruefly v. Landon*, 825 F.2d 792 (4th Cir. 1987).  Further, § 1983 does not impose liability when duties of care under state law have been violated. *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989); *Daniels v. Williams*, *supra* ("Jailers may owe a special duty of care to those in their custody under state tort law...but for the reasons previously stated we reject the contention that the Due Process Clause of the Fourteenth Amendment embraces such a tort law concept"); *Baker v. McClellan*, 443 U.S. 137, 146 (1976) (§ 1983 claim does not lie for violation of state law duty of care); *Paul v. Davis*, 424 U.S. 693, 697 (1976).  The Defendant was not even a custodian of the Plaintiff, but a case worker.  Evidently Plaintiff was free to come and go from the "halfway house."   Plaintiff fails to state a claim upon which relief may be granted.

## §1915 SCREENING

Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  The court may dismiss a claim as

4

"factually frivolous" under §1915(e) if the facts alleged are clearly baseless. *Denton v. Hernandez*, *supra*. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

## **RECOMMENDATION**

The Defendants should not be required to answer this Complaint. It is therefore recommended that the within Complaint be **dismissed without prejudice** and without issuance or service of process. Plaintiff's attention is directed to the Notice on the following page.

Respectfully Submitted,

s/Bruce H. Hendricks
United States Magistrate Judge

June 9, 2005
Greenville, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**& The Serious Consequences of a Failure to Do So**

The Plaintiff is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").

**This notice apprises the Plaintiff of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**